# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:18-cv-385-RJC
## (3:15-cr-170-RJC-1)

| | |
|---|---|
| TIMOTHY ANTAINE BAXTER, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )       **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Respondent. | ) |
| ——————————————————— | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1).

## I. BACKGROUND

Petitioner was indicted along with three co-defendants with conspiracy to possess with intent to distribute cocaine and cocaine base. (3:15-cr-170, Doc. No. 30). Petitioner pled guilty pursuant to a written plea agreement that acknowledged his sentencing exposure was not more than 20 years' imprisonment. (Id., Doc. No. 68 at 1-2). The parties agreed that the reasonably foreseeable amount of cocaine base was at least 2,800 grams but less than 8,400 grams, resulting in a base offense level of 34. (Id., Doc. No. 68 at 2). The Government agreed not to oppose a sentence at the bottom of the guidelines range. (Id.). The agreement contains an appellate and post-conviction waiver except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Id. at 5). The plea is supported by a written factual basis. (Id., Doc. No. 56).

The Presentence Investigation Report ("PSR") calculated the base offense level as 34 due to the amount of cocaine base for which Petitioner was responsible. (Id., Doc. No. 88 at ¶ 32). Two

levels were added because Petitioner accompanied a co-defendant to purchase a firearm. (Id. at ¶ 33). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (Id. at ¶ 41). Petitioner had two criminal history points and a criminal history category of II. (Id. at ¶¶ 51, 52). The resulting advisory guidelines range was 151 to 188 months' imprisonment. (Id. at ¶ 75).

The Court sustained Petitioner's objection to the two-level firearm enhancement so the total offense level was 31, and the advisory guidelines range was 121 to 151 months' imprisonment. (Id., Doc. No. 110). The Court imposed a downward departure sentence of 86 months' imprisonment. (Id., Doc. Nos. 109, 110).

Counsel filed a memorandum brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious issues for appeal but questioning whether Petitioner's appellate waiver was valid, whether the sentence was reasonable, and whether Petitioner received ineffective assistance of counsel. Counsel addressed the calculation of Petitioner's criminal history as follows:

> Baxter has raised concerns regarding the calculation of his Criminal History Category which assigns one (1) point for his possession of marijuana conviction on April 10, 2003. He suggests that this conviction is outside the ten (10) year timeline pursuant to Guidelines § 4A1.2(e)(2) which results in a Criminal History Category of I rather than II. A Criminal History Category of I could have impacted the sentence ultimately imposed by the district court. However, a review of the record indicates that the criminal activity, for which Baxter pled guilty began in 2011, eight years following the imposition of sentence on April 10, 2003. This was acknowledged by Baxter during the guilty plea hearing. See *GP. T., pp. 3-4, 11. 20-20.* The PSR states, without objection, that the offense conduct began in 2011. *Doc. 88, p.3, ¶ 7.* It appears from a review of the record that the Criminal History Category of II was correctly calculated by P.O. Hood.

(4th Cir. Case No. 16-4551, Doc. 16 at 15).

The Fourth Circuit affirmed the conviction and sentence on March 16, 2017, concluding that the appellate waiver was valid, the plea was knowing and voluntary, the sentence as

reasonable, and it did not conclusively appear on the record that counsel was ineffective. United States v. Baxter, 681 Fed. Appx. 271 (4th Cir. 2017). The Court specifically found that "the court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence … [and] Baxter's sentence of 86 months fell below the range recommended by the Guidelines." Baxter, 681 Fed. Appx. at 273.

On September 5, 2017, Petitioner filed an application for leave to file a second or successive § 2255 motion to vacate that the Fourth Circuit denied as unnecessary on October 2, 2017, because Petitioner did not previously file a § 2255 petition. See (Doc. No. 1 at 1).

In the instant § 2255 Motion to Vacate dated September 24, 2017, Petitioner argues *verbatim*:

> Criminal History not correctly calculated.
>
> The criminal history category did not adequately reflect the seriousness of the defendant's past criminal conduct. In other words there were points giving for misdemeanors that was older than ten years & no conviction in the past proceeded no more than a year and a day of incarceration.

(Doc. No. 1 at 6).

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The United States has not been ordered to respond because, on the face of the § 2255 Motion to Vacate, it is evident that Petitioner is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## III. DISCUSSION

Petitioner's sole argument in his § 2255 Motion to Vacate is that his criminal history was miscalculated in the PSR because a misdemeanor that was more than 10 years old was scored.

This sentencing calculation issue is not cognizable in this § 2255 action. Barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. See United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."). Merely alleging a miscalculation of the guidelines does not give rise to a constitutional issue and therefore is not cognizable in the context of a § 2255 motion to vacate. Pregent, 190 F.3d at 284.

Petitioner does not allege that his 86-month sentence exceeds the maximum authorized by law. See 21 U.S.C. § 841(b)(1)(C) (20-year statutory maximum). Merely alleging that the criminal history was miscalculated does not give rise to a constitutional issue. Therefore, this claim is a

non-constitutional sentencing calculation claim that is not cognizable on § 2255 review and the Motion to Vacate will be denied.[1]

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2.      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] This claim is also barred from § 2255 review because the Fourth Circuit rejected Petitioner's sentence miscalculation claim on direct appeal, and because Petitioner's knowing and voluntary guilty plea includes an enforceable post-conviction waiver.